IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW CUMMINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. CIV-21-178-R ) |
| JIMMY MARTIN, | ) ) ) ) |
| Respondent. | ) |

### ORDER

Petitioner, a state prisoner, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) the matter was referred to United States Magistrate Judge Gary M. Purcell. On April 5, 2021, Judge Purcell issued a Report and Recommendation wherein he recommended that the Petition be dismissed without prejudice. (Doc. No. 12). The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. (Doc. No. 13). Having completed such review, the Court finds as follows.

Petitioner is challenging the State's exercise of jurisdiction over his criminal case pursuant to *McGirt v. Oklahoma*, 591 U.S. ---, 140 S.Ct. 2452 (2020). Specifically, Petitioner contends that he is Indian and committed his crimes in Indian country and therefore was not subject to prosecution by the State of Oklahoma. After reciting the procedural history of Petitioner's case, including contentions by Petitioner that he raised

this issue with the District Court of Comanche County, Judge Purcell concluded that Petitioner has not exhausted his claims by addressing the issue to the Oklahoma Court of Criminal Appeals as required before this Court may consider his habeas claims. In his objection Petitioner argues, "at what point is the Petitioner supposed to exhaust the State's remedies when he is illegally incarcerated by such State." (Doc. No. 13). Citing 28 U.S.C. § 2254(d), which he contends requires that the conviction have been entered by a "state court of competent jurisdiction." (Doc. No. 13).[1] He concludes his objection by "requir[ing] this Court to adhere to 28 U.S.C. § 2243."

Judge Purcell's recommendation adheres to 28 U.S.C. § 2243, because "it appears from the application that the applicant or person detained is not entitled" to issuance of the writ because he has not exhausted his claim of by presenting it to the Oklahoma Court of Criminal Appeals. *See also* Rule 4 of the Rules Governing Section 2254 Cases. Additionally, 28 U.S.C. § 2254(b)(1)(A) requires exhaustion of state court remedies, and there is no authority for concluding that a state court's alleged lack of jurisdiction provides a basis for excusing the statutory exhaustion requirement. *See Largent v. Nunn*, Case No. CIV-20-683-J, 2020 WL 6734673, at *2 (W.D. Okla. Oct. 20, 2020) ("the Section 2254 exhaustion requirement contains no exception for jurisdictional claims."), *adopted* 2020 WL 6731112 (W.D. Okla. Nov. 16, 2020); *see also Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The petitioner's] proffered reason for not exhausting—that the State ... lacks jurisdiction over these claims—lacks merit.")

---

[1] Petitioner cites to 28 U.S.C. § 2254(d)(4), a section that does not exist.

For the reasons set forth herein, the Report and Recommendation is ADOPTED IN ITS ENTIRETY and the Petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust.

IT IS SO ORDERED this 19th day of April 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE